UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JEANNE A. SIX, | ) | No. CV-08-0141-CI |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, | ) | AND REMANDING FOR ADDITIONAL |
| Commissioner of Social | ) | PROCEEDINGS PURSUANT TO |
| Security, | ) | SENTENCE FOUR 42 U.S.C. § |
| | ) | 405(g) |
|      Defendant. | ) | |
| | ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Daphne Banay represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

Plaintiff Jeanne A. Six (Plaintiff) protectively filed for disability insurance benefits (DIB) on June 16, 2004. and for social security income (SSI) on May 19, 2004. (Tr. 468, 469.) Plaintiff alleged an onset date of September 1, 2002. (Tr. 69, 464.) Benefits were denied initially and on reconsideration. (Tr. 44, 40.) Plaintiff requested a hearing before an administrative law judge (ALJ), which

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

was held before ALJ Richard A. Say on August 1, 2007. (Tr. 476-97.)
Plaintiff was represented by counsel and testified at the hearing.
The ALJ denied benefits (Tr. 18-27) and the Appeals Council denied
review. (Tr. 6.) The instant matter is before this court pursuant to
42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing
transcripts, the ALJ's decision, and the briefs of Plaintiff and the
Commissioner, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 25 years old. (Tr.
478.) She is a high school graduate. (Tr. 478.) Plaintiff has
previous work experience as a food server, telemarketer and selling
knives. (Tr. 486-87, 490.) Plaintiff alleged she became disabled on
February 2, 2003, when she was in a car accident. (Tr. 479.) She
testified that the problems that keep her from working are frequent
migraines and problems with her neck and right knee. (Tr. 479-80.)
Plaintiff weighed about 250 pounds at the time of the hearing. (Tr.
480.) She also alleged she has problems being around other people and
with anxiety. (Tr. 485.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a
Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the
Commissioner's decision, made through an ALJ, when the determination
is not based on legal error and is supported by substantial evidence.
*See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v.
Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]
determination that a plaintiff is not disabled will be upheld if the
findings of fact are supported by substantial evidence." *Delgado v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

*Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).
Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

1    If the impairment is severe, the evaluation proceeds to the third

2  step, which compares the claimant's impairment with a number of listed

3  impairments acknowledged by the Commissioner to be so severe as to

4  preclude   substantial   gainful   activity.   20   C.F.R.   §§

5  404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App.

6  1.  If the impairment meets or equals one of the listed impairments,

7  the claimant is conclusively presumed to be disabled.

8    If the impairment is not one conclusively presumed to be

9  disabling, the evaluation proceeds to the fourth step, which

10  determines   whether   the   impairment   prevents   the   claimant   from

11  performing work he or she has performed in the past.  If plaintiff is

12  able to perform his or her previous work, the claimant is not

13  disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At

14  this step, the claimant's residual functional capacity ("RFC")

15  assessment is considered.

16    If the claimant cannot perform this work, the fifth and final

17  step in the process determines whether the claimant is able to perform

18  other work in the national economy in view of his or her residual

19  functional capacity and age, education and past work experience.  20

20  C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482

21  U.S. 137 (1987).

22    The initial burden of proof rests upon the claimant to establish

23  a *prima facie* case of entitlement to disability benefits.  *Rhinehart*

24  *v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

25  1111, 1113 (9th Cir. 1999).  The initial burden is met once the

26  claimant establishes that a physical or mental impairment prevents him

27  from engaging in his or her previous occupation.  The burden then

28  shifts, at step five, to the Commissioner to show that (1) the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity at any time since September 1, 2002, the alleged onset date. (Tr. 20.) At steps two and three, he found Plaintiff has the severe impairments of obesity, anxiety and a personality disorder, but the impairments do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 20, 23.) The ALJ then determined Plaintiff has the residual functional capacity to perform a wide range of light work. (Tr. 24.) The ALJ further determined:

> [T]he claimant would be able to perform work that would not involve lifting or carrying more than 10 pounds frequently or more than 20 pounds occasionally; more than limited reaching; more than occasional stair or ramp climbing, balancing, stooping, kneeling, crouching, crawling or any ladder, rope or scaffold climbing. In addition the claimant would be limited to simple, repetitive tasks that do not involve any contact with the public or more than superficial contact with coworker [sic] or supervisors. The claimant would have mild to moderate pain but would be able to remain attentive and complete a normal workday.

(Tr. 24.) At step four, the ALJ found Plaintiff is unable to perform past relevant work. (Tr. 27.) Based on the testimony of a vocational expert and Plaintiff's age, education, work experience and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy which Plaintiff can perform. (Tr. 28.) As such, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act from September 1,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

1    2002, through the date of the decision.  (Tr. 29.)

2    **ISSUES**

3      The question is whether the ALJ's decision is supported by
4 substantial evidence and free of legal error.  Specifically, Plaintiff
5 asserts the ALJ erred by: (1) improperly rejecting psychological
6 opinion evidence; (2) failing to include all of Plaintiff's mental
7 limitations in the hypothetical posed to the vocational expert; and
8 (3) failing to properly reject medical opinion evidence.  (Ct. Rec. 14
9 at 15-18.)  Defendant asserts the ALJ: (1) properly rejected
10 psychological opinion evidence; (2) implicitly rejected medical
11 opinion evidence; and (3) properly found Plaintiff could perform other
12 work in the national economy.  (Ct. Rec. 16 at 6-16).

13    **DISCUSSION**

14 **1.   Medical Opinion**

15      Plaintiff argues the ALJ improperly ignored the opinion of Dr.
16 Lynn Staker, an examining orthopedist.  (Ct. Rec. 14 at 17.)  The ALJ
17 must consider the opinions of acceptable medical sources about the
18 nature and severity of the Plaintiff's impairments and limitations.  20
19 C.F.R. §§ 404.1527, 416.927; S.S.R. 96-2p; S.S.R. 96-6p.  A treating
20 or examining physician's opinion is given more weight than that of a
21 non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th
22 Cir. 2004).  If the treating or examining physician's opinions are not
23 contradicted, they can be rejected only with clear and convincing
24 reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If
25 contradicted, the ALJ may reject the opinion if he states specific,
26 legitimate reasons that are supported by substantial evidence.  *See*
27 *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th
28 Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

Dr. Staker completed a DSHS physical evaluation form on June 1, 2004. (Tr. 245-49.) Dr. Staker diagnosed moderate cervical strain and ligament damage. (Tr. 247.) He opined that Plaintiff would be limited to sedentary work. (Tr. 247, 249.) Dr. Staker's opinion is contradicted by the report of the state consulting physicians who stated "evaluating doctor opines that she is only able to perform sedentary work. This is not fully supported by the evidence of record." (Tr. 254.) Thus, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence for rejecting Dr. Staker's opinion.

The ALJ addressed Dr. Staker's report as follows:

> Physical examination on June 1, 2004 demonstrated the claimant to have C1-4 tenderness on the left, but there was no pain in the glenohumeral joint. Reflexes were hypoactive but symmetrical. There was no motor or sensory impairment. The claimant was noted as having some limited cervical flexion, extension and lateral rotation (Exhibit 6F/5); however, it is noted that range of motion is within the control of the patient and [is] not persuasive as to any true limitation.

(Tr. 21.) The ALJ did not assign weight to the opinion or specifically reject or adopt it. (Tr. 21, 26-27.) He concluded that Plaintiff was capable of a full range of light work; Dr. Staker opined that Plaintiff was limited to sedentary work. The failure to provide specific, legitimate reasons for rejecting Dr. Staker's opinion was

1   error.

2        Defendant argues it is reasonable to infer the ALJ implicitly

3   rejected Dr. Staker's opinion.  (Ct. Rec. 17 at 10.)  Defendant

4   asserts the ALJ's general discussion of the evidence of physical

5   impairment shows the ALJ's implicit rejection of Dr. Staker's report.

6   The ALJ stated:

7              Based on all of the foregoing [including the cited
            portion of Dr. Staker's report, above], it has been
8           concluded that the claimant does not have a musculoskeletal
            impairment or combination of impairments that have been
9           shown to have posed more than minimal limitations on the
            claimant's ability to perform basic work-related activities.
10          Essentially all physical examinations and diagnostic
            studies, as outlined above, have been unremarkable.

11

12  (Tr. 22.)  Defendant is correct an incantation that a physician's

13  report is rejected is not required; the court may draw reasonable

14  inferences from the ALJ's discussion of a particular physician's

15  report.  *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

16  Furthermore, the ALJ need not discuss all evidence presented, but must

17  explain why significant probative evidence has been rejected.  *Vincent*

18  *v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

19       However, Dr. Staker's assessment is significant and probative as

20  to Plaintiff's work level.  Dr. Staker is the only physician in the

21  record who examined Plaintiff and prepared a physical evaluation

22  addressing Plaintiff's work abilities.  Furthermore, Dr. Staker is a

23  specialist and his opinion could therefore be of particular interest.

24  The ALJ should have provided specific, legitimate reasons for

25  rejecting the report and did not do so.  Instead, the opinion was

26  barely addressed.  The discussion of Dr. Staker's report is brief and

27  includes no analysis.  Thus, the court cannot infer that the ALJ's

28  rejection of Dr. Staker's report is proper.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

1    Defendant further argues the court should find the ALJ's failure
2  to discuss Dr. Staker's report is harmless error.  Harmless error only
3  occurs if the error is inconsequential to the ultimate nondisability
4  determination.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th
5  Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56
6  (9th Cir. 2006).  In support, Defendant first argues Dr. Staker did not
7  specifically explain how and why the objective evidence of Plaintiff's
8  cervical strain and ligament damage support the conclusion that
9  Plaintiff is limited to sedentary work. (Ct. Rec. 17 at 12.) However,
10  the court is constrained to review only those reasons asserted by the
11  ALJ.  *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947);
12  *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).  The court
13  cannot consider whether Dr. Staker's report is adequately supported or
14  explained since the ALJ did not analyze its conclusions or cite
15  reasons for rejecting it.
16    Defendant also argues the ALJ's error is harmless because, even
17  if the report is credited and Plaintiff is limited to sedentary work,
18  she would not be disabled at step five under the medical-vocational
19  guidelines. (Ct. Rec. 15 at 12-13.)  However, it is not appropriate
20  to utilize the guidelines to determine nondisability in this case
21  because the residual functional capacity determination also includes
22  nonexertional limitations.  20 C.F.R. Pt. 404, Subpt. P, App. 2 §
23  200.00(2).  Thus, if Plaintiff is limited to sedentary work, the
24  opinion of a vocational expert would be required to determine whether
25  Plaintiff can perform work available in the national economy after
26  taking into account all of Plaintiff's physical and mental
27  limitations.  In that case, new step four and step five findings would
28  be necessary and the outcome of this matter could change.  Thus, the

1  ALJ's error is not harmless.

2  **2.    Psychological Opinion**

3       The ALJ rejected the opinion of Michael Corpolongo, Ph.D.  (Tr.

4  27.)   Dr. Corpolongo completed a DSHS psychological/psychiatric

5  evaluation form on May 24, 2004.  (Tr. 238-41.)  He diagnosed

6  antisocial personality disorder, post traumatic stress disorder and

7  personality disorder.  (Tr. 239.)  He assessed two marked and three

8  moderate cognitive functional limitations and one severe and three

9  marked social functional limitations.  (Tr. 240.)

10       Plaintiff argues Dr. Corpolongo's opinion should be credited

11  because the ALJ failed to properly reject it.  (Ct. Rec. 14 at 14.)

12  Defendant argues the ALJ gave specific and legitimate reasons for

13  rejecting the opinion.  (Ct. Rec. 17 at 10.)  When asked to take into

14  account the limitations assessed by Dr. Corpolongo, the vocational

15  expert concluded Plaintiff would not be able to perform past relevant

16  work or other work in the national economy.  (Tr. 240, 495.)  Thus,

17  the evaluation of Dr. Corpolongo's report is critical to the ultimate

18  nondisability determination.

19       In this case, the opinion of Dr. Kuhner, a state agency

20  consulting psychologist, conflicts with the opinion of Dr. Corpolongo.

21  Dr. Kuhner also diagnosed personality disorder and post traumatic

22  stress disorder, but he did not diagnose antisocial personality

23  disorder.  (Tr. 282, 284.)  Furthermore, Dr. Kuhner assessed a number

24  of moderate limitations but no marked or severe limitations.[1]  (Tr.

25

26       [1]The mental residual functional capacity assessment form completed

27  by Dr. Kuhner did not include the option of assessing limitations as

28  "severe."  (Tr. 291-92.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

291-293.)  Thus, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence in rejecting Dr. Corpolongo's opinion.

The ALJ gave two reasons for rejecting Dr. Corpolongo's report. First, he noted Dr. Corpolongo's one-time examination of Plaintiff could not have provided him with a detailed, longitudinal picture of the claimant's impairments. (Tr. 27.) The opinions of examining physicians must be considered by the ALJ. *See* 20 C.F.R. § 404.1527; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). By definition, an examining physician does not have an ongoing relationship with a claimant. The ALJ's reasoning would result in the rejection of virtually all examining physician opinions. This is therefore an improper reason for rejecting Dr. Corpolongo's opinion.

Second, the ALJ pointed out Dr. Corpolongo appeared to have based his opinion on Plaintiff's self-report of symptoms rather than on the results of standardized psychological testing. (Tr. 27.) It is proper to disregard a physician's report based on a claimant's own subjective complaints which have been properly discounted. *Tonapetyan v.* Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Although Plaintiff correctly points out that Dr. Corpolongo attached a completed check-box form mental status exam to his assessment, he did not reference the exam results or any other psychological testing in his report. (Tr. 238-44, Ct. Rec. 14 at 16.) Most of Dr. Corpolongo's written comments repeat Plaintiff's own reports. In support of the marked and moderate cognitive limitations, Dr. Corpolongo noted Plaintiff indicated she has been forgetful about conversations and where she places things and has been blacking out. (Tr. 240.) He also reported, "She feels unable to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

sustain attention" and she reported "telling off lady living with [her]." (Tr. 240). In support of his assessed social limitations, Dr. Corpolongo noted Plaintiff "cannot tolerate authority - lost waitressing job." He also wrote, "difficult[y] with anger control."[2] (Tr. 240.) With the possible exception of the comment about anger control, these notes all reflect Plaintiff's own reports and are not Dr. Corpolongo's conclusions based on observations or testing.

Furthermore, Plaintiff incorrectly asserts "there is no indication anywhere in the record that she embellishes her symptoms or is malingering." (Ct. Rec. 14 at 16.) The ALJ made a properly supported negative credibility finding.[3] (Tr. 25.) The ALJ was

---

[2]Dr. Corpolongo's notes under limitations on social factors also include the phrase "dealing with public." Presumably, he meant that Plaintiff reported difficulty dealing with the public.

[3]The ALJ determined Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms were not entirely credible. (Tr. 25.) Specifically, the ALJ noted Plaintiff's treatment efforts and requirements are inconsistent with her allegations of disability. The ALJ pointed out that despite hospital confinement, emergency room treatment and office visits, she has not been prescribed long-term medications for her physical complaints. She has only been prescribed analgesics and non-steroidal inflammatories intermittently, and has had one tapering dose of steroids. She has never been prescribed anti-anxiety medication and admitted to being able to self-manage her anxiety symptoms. She has not received regular mental health counseling since September 2004. The ALJ noted it was significant that Plaintiff did not seek treatment

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

therefore justified in concluding that Dr. Corpolongo's opinion should be given less weight since it was based primarily on Plaintiff's subjective complaints.

Although the ALJ provided one proper specific, legitimate reason for rejecting Dr. Corpolongo's report, this is not substantial evidence justifying the rejection of the assessment. On remand, the ALJ should reconsider Dr. Corpolongo's report and, if appropriate, provide additional specific, legitimate reasons for rejecting it.

**3.    Hypothetical**

Plaintiff argues the ALJ's hypothetical to the vocational expert did not take into account limitations assessed by Dr. Kuhner, a state agency reviewing psychologist, even though the ALJ accepted Dr. Kuhner's opinion. (Ct. Rec. 14 at 16-17.) Defendant argues the ALJ's hypothetical accounts for Dr. Kuhner's assessed limitations and the ALJ's ultimate finding that Plaintiff is capable of working is proper. (Ct. Rec. 16 at 13-16.)

The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflects all of the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157, 1165

---

of her alleged musculoskeletal impairments during her pregnancy in 2006. Plaintiff admitted on one occasion that she had very little back pain during her pregnancy and that 800 mg of ibuprofen eased her symptoms. The ALJ also pointed out a number of inconsistencies in Plaintiff's activities of daily living. (Tr. 26.) Plaintiff has not challenged the credibility finding and the court concludes it is supported by "clear and convincing" evidence as required by *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

(9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel.  *Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence.  *Id.*

     The ALJ found that the opinions of the state agency medical consultants regarding Plaintiff's mental limitations are reasonable and based upon the evidence.[4]  (Tr. 27.)  Dr. Kuhner completed a mental residual functional capacity assessment on August 25, 2004.  (Tr. 291-94.)  He assessed 10 moderate limitations and no marked limitations. (Tr. 291-93.)  He also provided narrative explanation of his assessment.  (Tr. 293-94.)

---

     [4]The ALJ cited Exhibit 8F, which is actually a state agency consulting physician physical residual functional capacity assessment. (Tr. 253-56.)  It is clear from the residual functional capacity assessment and the hypothetical posed to the vocational expert that the ALJ was actually referring to Exhibit 11F, the mental residual functional capacity assessment completed by Dr. Kuhner.  (Tr. 291-94.) The error is harmless because it does not affect the ultimate disability determination.  *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

1    Plaintiff asserts Dr. Kuhner stated:

2    [Plaintiff's] incite [sic] and judgment were poor and she
     was hostile and showed poor impulse control. (TR 293) He
3    further stated that she was easily sidetracked, did not like
     people, and had no respect for authority. He also stated
4    that she was easily angered, did not socialize, and would
     not be able to complete complex tasks.
5

6  (Ct. Rec. 14 at 16.) Plaintiff asserts these alleged "limitations"

7  should have been included in the ALJ's hypothetical. (Ct. Rec. 14 at

8  16.) However, as Defendant points out, all but one of these asserted

9  limitations were contained in Dr. Kuhner's summary of the evidence

10 reviewed as the basis of his decision. (Tr. 293, Ct. Rec. 16 at 15.)

11 Dr. Kuhner's notes reference findings from Dr. Corpolongo's May 2004

12 evaluation indicating Plaintiff's insight and judgment were poor, she

13 was hostile and showed poor impulse control. (Tr. 242-44.) Dr.

14 Kuhner cited Plaintiff's own report that she is easily sidetracked

15 (Tr. 103), does not like people and has no respect for authority.

16 (Tr. 105.) Additionally, Dr. Kuhner noted Plaintiff's spouse's report

17 that Plaintiff is easily angered and does not socialize. (Tr. 113.)

18 This evidence was reviewed by Dr. Kuhner, but they are not limitations

19 assessed by him.

20    Dr. Kuhner did conclude Plaintiff would have trouble with complex

21 tasks (Tr. 294), but that limitation is included in the ALJ's

22 hypothetical when the ALJ indicated Plaintiff would be "limited to

23 simple, repetitive tasks." (Tr. 491.) It is reasonable to conclude

24 that applying a limitation of only simple, repetitive tasks means

25 Plaintiff would not be able to complete complex tasks.

26    Plaintiff also argues the ALJ should have included the moderate

27 limitations identified by Dr. Kuhner by checking the boxes on the

28 mental residual functional capacity form. (Ct. Rec. 14 at 17.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -16

1  However, the ALJ included limitations taken almost directly from the
2  narrative explanation of each of the limitations Dr. Kuhner assessed
3  by checking a box. (Tr. 294, 491.)  It was appropriate for the ALJ to
4  include the explanatory comments in the hypothetical because they are
5  a more accurate indicator of Dr. Kuhner's assessment than impairments
6  listed on a pre-printed form.

7       For the foregoing reasons, the ALJ properly took into account the
8  limitations assessed by Dr. Kuehner in the hypothetical posed to the
9  vocational expert.

10  **4.    Remedy**

11       The ALJ failed to provide sufficient reasons for rejecting the
12  opinions of Dr. Staker, an examining physician, and Dr. Corpolongo,
13  and examining psychologist.   There are two remedies where the ALJ
14  fails to provide adequate reasons for rejecting the opinions of a
15  treating or examining physician.   The general rule, found in the
16  *Lester* line of cases, is that "we credit that opinion as a matter of
17  law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v.*
18  *Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d
19  498, 502 (9th Cir. 1989).   Another approach is found in *McAllister v.*
20  *Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand
21  to allow the ALJ to provide the requisite specific and legitimate
22  reasons for disregarding the opinion. *See also Benecke v. Barnhart*,
23  379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting
24  testimony if substantial questions remain as to claimant's credibility
25  and other issues).   Where evidence has been identified that may be a
26  basis for a finding, but the findings are not articulated, remand is
27  the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th
28  Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -17

1202 (9th Cir. 1990).  In this case, there may be evidence in the record which the ALJ could cite to provide the requisite specific, legitimate reasons for rejecting the opinions of Dr. Staker and Dr. Corpolongo, so remand is the proper remedy.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error.  On remand, the ALJ should reconsider the opinions of Dr. Staker and Dr. Corpolongo and support his findings regarding those opinions with specific, legitimate evidence in the record.  If necessary, the ALJ should make a new residual functional capacity finding and obtain testimony from a vocational expert. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED.**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED April 20, 2009.


                         S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -18